KYMBERLEIGH DAMRON-HSIAO (SBN 240508)
Email: kdh@kadingbriggs.com
SARAH R. MOHAMMADI (SBN 295318)
Email: smohammadi@kadingbriggs.com
KADING BRIGGS LLP
100 Spectrum Center Drive, Suite 800
Irvine, California 92618
Telephone: (949) 450-8040
Facsimile: (949) 450-8033

Attorneys for Defendant
OLYMPUS CORPORATION
OF THE AMERICAS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MAHMOUD ELBALAWY, an individual,

Plaintiff,

vs.

OLYMPUS CORPORATION OF THE AMERICAS,

Defendant.

CASE NO.

[Santa Clara Superior Court Case No. 26CV504061]

**DEFENDANT OLYMPUS CORPORATION OF THE AMERICAS' NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. §§ 1332 AND 1441 (DIVERSITY)**

Complaint filed: September 21, 2026

## TABLE OF CONTENTS

**PAGE NO.**


I. THE STATE COURT ACTION AND PROCEDURE OF REMOVAL ......5

II. JURISDICTION ......6

III. COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN PLAINTIFF AND OLYMPUS ......6

- A. Plaintiff Is a Citizen of California. ......6
- B. Olympus is a Citizen of Pennsylvania and New York and *Not* a Citizen of California. ......7

IV. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000 ......8

- A. Plaintiff's Complaint Pleads Damages in Excess of the $75,000 Threshold. ......9
  1. Plaintiff's Alleged Lost Wages *Alone* Exceed the Requisite $75,000 Amount in Controversy. ......9
  2. The General, Special, and Punitive Damages Sought by Plaintiff (Coupled with or without his Lost Wages) Further Increase the Amount in Controversy. ......10
  3. Attorneys' Fees May Be Included in the Amount in Controversy Calculation, Further Demonstrating that the Amount in Controversy Exceeds $75,000. ......11
- B. Jury Verdicts Establish that Plaintiff's Claims Regularly Result in Damage Awards in Excess of $75,000. ......12

V. PROCESS, PLEADINGS AND ORDERS ......13

## TABLE OF AUTHORITIES

**PAGE NO.**

**FEDERAL CASES**

*Arias v. Residence Inn by Marriott*, 936 F.3d 920 (9th Cir. 2019) .......... 8

*Avila v. P & L Dev., LLC*, No. CV 18-01211 SJO (AS), 2018 WL 1870422 (C.D. Cal. Apr. 18, 2018) .......... 11, 12

*Chambers v. Penske Truck Leasing Corp.*, No. 1:11-CV-00381 LJO, 2011 WL 1459155 (E.D. Cal. April 15, 2011) .......... 10

*Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413 (9th Cir. 2018) .......... 9, 11

*Conrad Assoc. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196 (N.D. Cal. 1998) .......... 8

*Dart Cherokee Basin Operating Co., LLC v. Owens*, 547 U.S. 81 (2014) .......... 8

*Fritsch v. Swift Trans. Co. of Ariz., LLC*, 899 F.3d 785 (9th Cir. 2018) .......... 11

*Gibson v. Chrysler Corp.*, 261 F.3d 927 (9th Cir. 2001) .......... 10

*Guglielmino v. McKee Foods Corp.*, 506 F.3d 696 (9th Cir. 2007) .......... 10

*Haase v. Aerodynamics Inc.*, No. 2:09-CV-01751-MCE-GG, 2009 WL 3368519 (E.D. Cal. Oct. 19, 2009) .......... 10

*Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010) .......... 7

*Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193 (9th Cir. 2015) .......... 8

*In re Taco Bell Wage & Hour Actions*, 222 F. Supp. 3d 813 (E.D. Cal. 2016) .......... 11

*Kanter v. Warner-Lambert Co.*, 265 F.3d 853 (9th Cir. 2001) .......... 6

*Lew v. Moss*, 797 F.2d 747 (9th Cir. 1986) .......... 6, 7

*Lewis v. Verizon Commc'n, Inc.*, 627 F.3d 395 (9th Cir. 2010) .......... 8

# TABLE OF AUTHORITIES (cont'd)

**PAGE NO.**

## FEDERAL CASES

*Mondragon v. Capital One Auto Fin.*, 776 F.3d 880 (9th Cir. 2013) .......... 7

*Navarro v. DHL Glob. Forwarding*, No. 215CV05510CASEX, 2018 WL 2328191 (C.D. Cal. May 21, 2018), *appeal dismissed*, No. 17-56662, 2018 WL 6722404 (9th Cir. Nov. 6, 2018) .......... 11

*Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468 (C.D. Cal. Mar. 3, 2015) .......... 9

*Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029 (N.D. Cal. 2002) .......... 10, 12, 13

*Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373 (9th Cir. 1997) .......... 8

*Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659 (9th Cir. 2005) .......... 8

## STATUTES

28 U.S.C. Section 1332 .......... 5, 6

28 U.S.C. Section 1441 .......... 5, 6

28 U.S.C. Section 1446 .......... 5, 6

California Labor Code Section 1102.5 .......... 11, 12, 13

Federal Rules of Civil Procedure 6(a) .......... 5

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT defendant Olympus Corporation of the Americas ("Olympus") hereby removes the above-entitled action from the Superior Court of the State of California, County of Santa Clara, to the United States District Court for the Northern District of California. The Court has original subject matter jurisdiction as described below pursuant to 28 U.S.C. sections 1332, 1441 and 1446.

## I. <u>THE STATE COURT ACTION AND PROCEDURE OF REMOVAL</u>

On September 21, 2026, plaintiff Mahmoud Elbalawy ("Plaintiff") commenced an action against Olympus in the Superior Court of the State of California in and for the County of Santa Clara ("Superior Court"), entitled *Mahmoud Elbalawy v. Olympus Corporation of the Americas*, Case No. 26CV504061. A true and correct file-stamped copy of the Complaint is attached hereto as Exhibit "A." A true and correct copy of the Summons, issued by the Superior Court on September 21, 2026, is attached hereto as Exhibit "B." A true and correct copy of the Civil Case Cover Sheet, filed by Plaintiff on September 21, 2026, is attached hereto as Exhibit "C." The Superior Court filed a Civil Lawsuit Notice on September 21, 2026, a true and correct copy of which is attached hereto as Exhibit "D." A true and correct file-stamped copy of Plaintiff's Proof of Service is attached hereto as Exhibit "E".

This Notice of Removal is filed within 30 days from the date upon which Olympus was served and is within the time for removal provided by law. *See* 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a).

/ / /

## II. JURISDICTION

This is a civil action of which this Court has original jurisdiction under 28 U.S.C. Section 1332 and is one which may be removed to this Court by Olympus pursuant to the provisions of 28 U.S.C. Section 1441, in that it is an action in which the aggregate amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and Plaintiff and Olympus are citizens of different states. Plaintiff is a citizen of California and Olympus is a citizen of Pennsylvania and New York. *See* Section III *infra.*

## III. COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN PLAINTIFF AND OLYMPUS

For the reasons discussed below, there is complete diversity between Plaintiff and defendant Olympus Corporation of the Americas.

### A. Plaintiff Is a Citizen of California.

For diversity purposes, citizenship of an individual is determined by the individual's domicile at the time that the lawsuit is filed. *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). As the Ninth Circuit observed in Lew, determining an individual's domicile involves a number of factors, including current residence, place of employment, voting registration and voting practices, location of personal and real property, location of bank accounts, location of spouse and family, membership in unions and other organizations, driver's license and automobile registration, and payment of taxes. *Lew*, 77 F.2d at 750. Furthermore, "a person's old domicile is not lost until a new one is acquired." *Id.*

In his Complaint, Plaintiff alleges that he "resides in Contra Costa County, California" and that "[a]t all relevant times, he worked in California and had

responsibilities connected to Olympus's San Jose, California operations." Exh. A, Complaint at ¶ 5. Additionally, Plaintiff has resided in California for nearly 15 years, evidencing long standing connections with the State. Plaintiff maintains a bank account in California and previously registered a business called Makhad Enterprises, LLC with the State of California. Given these facts, Plaintiff has demonstrated an intent to remain in the State of California. *See, e.g., Mondragon v. Capital One Auto Fin.*, 776 F.3d 880 (9th Cir. 2013) (holding that, in connection with removal to federal court, a person's continuing domicile in a state establishes citizenship "unless rebutted with sufficient evidence of change"); *Lew*, 797 F.2d at 751-52 (holding that California was the state of domicile for a party with a California residential address).

**B. Olympus is a Citizen of Pennsylvania and New York and *Not* a Citizen of California.**

To determine a corporation's principal place of business, federal courts must utilize the "nerve center" test. *Hertz Corp. v. Friend,* 130 S. Ct. 1181, 1183 (2010). Under the "nerve center" test, a corporation's principal place of business is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Id.* Per the United States Supreme Court, a corporation's nerve center "should normally be the place where the corporation maintains its headquarters — provided that the headquarters is the actual center of direction, control, and coordination." *Id.*

Olympus Corporation of the Americas maintains its headquarters in Center Valley, Pennsylvania. All of Olympus' executive officers maintain offices at its Pennsylvania headquarters. Olympus' operations, such as marketing, human resources, finance and legal, are centralized at its Pennsylvania headquarters. In addition, policy decisions are made and activities are coordinated at Olympus' Pennsylvania headquarters. Accordingly, under the nerve center test, Olympus' principal place of business is Pennsylvania. *Hertz*, 130 S. Ct. at 1183. Olympus is

incorporated under the laws of New York. Accordingly, Olympus is a citizen of Pennsylvania and New York.

## IV. <u>THE AMOUNT IN CONTROVERSY EXCEEDS $75,000</u>

"[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdiction threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 547 U.S. 81, 89 (2014). Defendants are not obliged to "research, state, and prove the plaintiff's claims for damages." *Singer v. State Farm Mut. Auto Ins. Co*., 116 F.3d 373, 377 (9th Cir. 1997); *Conrad Assoc. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998). Further, a removing defendant need not set forth evidence establishing the amount in its notice of removal. *See Dart Cherokee*, 547 U.S. at 88-89; *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (holding that "a removing defendant's notice of removal 'need not contain evidentiary submissions' but only plausible allegations of the jurisdictional elements") (citing *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015)). Rather, Olympus can establish the amount in controversy by the allegations in the Complaint, or by setting forth facts in the notice of removal that demonstrate that the amount placed in controversy by Plaintiff exceeds the jurisdictional minimum. *Singer*, 116 F.3d at 377; *Conrad Assoc.*, 994 F. Supp. at 1198. In other words, the District Court may consider whether it is facially apparent from the Complaint that the jurisdictional amount is in controversy. *Id.*

The amount in controversy for purposes of diversity jurisdiction is the total "amount at stake in the underlying litigation." *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005). Moreover, "the amount in controversy is simply an *estimate* of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'n, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (emphasis added). "In assessing the estimated amount in controversy, a court

must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468, at *3 (C.D. Cal. Mar. 3, 2015).

### A. Plaintiff's Complaint Pleads Damages in Excess of the $75,000 Threshold.

#### 1. Plaintiff's Alleged Lost Wages *Alone* Exceed the Requisite $75,000 Amount in Controversy.

In his Complaint, Plaintiff asserts he has suffered "economic… damages," including "back pay, lost compensation, lost benefits, and other economic damages according to proof," as well as "front pay and future lost compensation." *See* Exh. A, Complaint at ¶¶ 58, 65 and Prayer for Relief. At the time of his separation from employment, Olympus employed Plaintiff as an Executive Director of Quality Operations, Service & Repair earning $5,266 per week.

Significantly, based on his last rate of pay and the time between his May 6, 2026 termination date and this Removal, Plaintiff already has incurred over $126,384 ($5,266 per week x 24 weeks). This is exclusive of any bonuses for which he might otherwise be eligible (which in 2025, exceeded $77,000). Accordingly, Plaintiff's alleged lost wages to date alone exceed the jurisdictional minimum and the Court's inquiry can end here.

Plaintiff also explicitly seeks damages for *prospective loss—i.e.,* front pay for ongoing financial harm and lost career advancement opportunities. *See* Exh. A, Complaint ¶¶ 58, 65 and Prayer for Relief. These purported damages further increase the amount in controversy. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417-18 (9th Cir. 2018) (holding that it was appropriate to consider lost future wages in assessing whether the amount in controversy was satisfied on removal). Assuming that trial is set 12 months from the filing of this removal, that could result in more than an additional $273,832 in alleged lost wages, exclusive of any bonuses ($5,266 x 52 weeks).

These amounts do not factor in other purported lost benefits, which set the amount in controversy even further beyond the $75,000 jurisdictional threshold. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007) (stating employee benefits must be included in calculating the amount of lost income in controversy).

**2. <u>The General, Special, and Punitive Damages Sought by Plaintiff (Coupled with or without his Lost Wages) Further Increase the Amount in Controversy</u>.**

In addition to the lost wages, Plaintiff also seeks compensatory (*i.e.,* emotional distress) damages. *See* Exh. A, Complaint ¶¶ 58, 65 and Prayer for Relief (claiming that he seeks "compensatory damages, including emotional distress and other noneconomic damages, according to proof"). Additionally, Plaintiff seeks punitive damages. *Id.* at Prayer for Relief. Both compensatory damages and punitive damages are used to determine whether the jurisdictional minimum has been satisfied. *See Gibson v. Chrysler Corp.,* 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."); *see also Simmons v. PCR Tech.,* 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002) (stating "the potential for large punitive damage awards in employment discrimination cases" satisfies the $75,000 requirement); *Chambers v. Penske Truck Leasing Corp*., No. 1:11-CV-00381 LJO, 2011 WL 1459155, *4 (E.D. Cal. April 15, 2011) (finding that amount in controversy was satisfied because "punitive damages in employment matters may be substantial"); *Haase v. Aerodynamics Inc.*, No. 2:09-CV-01751-MCE-GG, 2009 WL 3368519, *4 (E.D. Cal. Oct. 19, 2009) (denying remand in FEHA action as "even a minimum award of punitive damages would satisfy the jurisdictional requirement"). Given that juries tend to award substantial punitive damages in connection with retaliation and violation of whistleblower protections verdicts, it is apparent from the Complaint that the amount in controversy far exceeds the $75,000 jurisdictional threshold.

**3. Attorneys' Fees May Be Included in the Amount in Controversy Calculation, Further Demonstrating that the Amount in Controversy Exceeds $75,000.**

Plaintiff further seeks to recover attorneys' fees. *See* Exh. A, Complaint ¶ 58 and Prayer for Relief. When attorneys' fees are recoverable by statute, they are also factored into the amount in controversy. "[T]he amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018). "The phrases 'all relief' and 'certain classes of damages' encompass all of the plaintiff's future recovery, not lost wages alone. Accordingly, *Chavez*'s reasoning clearly applies to attorneys' fees." *Fritsch v. Swift Trans. Co. of Ariz*., LLC, 899 F.3d 785, 794–95 (9th Cir. 2018). Here, should Plaintiff prevail on his Labor Code retaliation claim, he will be entitled to recover attorneys' fees. *See* Labor Code § 1102.5(j); *see also Avila v. P & L Dev., LLC*, No. CV 18-01211 SJO (AS), 2018 WL 1870422, at *3 (C.D. Cal. Apr. 18, 2018) (stating that a "conservative" approach estimates fees corresponding to approximately 100 hours spent by counsel on an employment lawsuit and finding that attorneys' fees increased total amount in controversy to over $75,000, establishing diversity jurisdiction); *Navarro v. DHL Glob. Forwarding*, No. 215CV05510CASEX, 2018 WL 2328191, at *5 (C.D. Cal. May 21, 2018), *appeal dismissed*, No. 17-56662, 2018 WL 6722404 (9th Cir. Nov. 6, 2018) (awarding plaintiff over $600,000 in fees for over 1,000 hours of attorney work in employment action); *In re Taco Bell Wage & Hour Actions*, 222 F. Supp. 3d 813, 839 (E.D. Cal. 2016) (collecting numerous authorities finding between $300 and $400 per hour to be reasonable rates in employment litigation for counsel with twenty or more years of experience, between $250 and $300 for counsel with less than fifteen years of experience, and between $125 and $200 for counsel with less than two years of experience).

Here, assuming *Avila's* "conservative" estimate of 100 counsel hours at a rate of $250 per hour, potential fees in controversy here are, at a minimum, $25,000. Together with Plaintiff's alleged lost wages and general/special damages, the amount in controversy clearly exceeds the minimum jurisdictional threshold of this Court.

**B. <u>Jury Verdicts Establish that Plaintiff's Claims Regularly Result in Damage Awards in Excess of $75,000</u>.**

Plaintiff brings claims for (1) retaliation in violation of Labor Code section 1102.5, and (2) wrongful termination in violation of public policy. When successful, employment claims, such as the claims Plaintiff asserts, frequently result in jury verdicts in excess of $75,000 (exclusive of attorneys' fees). To establish the amount in controversy, which can include both compensatory and punitive damages, a removing defendant "may introduce evidence of jury verdicts in cases involving analogous facts." *Simmons,* 209 F. Supp. 2d at 1033-34 (finding it proper to consider evidence from various jury verdict reporters to establish the amount in controversy). The following jury verdicts are illustrative:

- *Ortega v. Carson Wild Wings, LLC,* Superior Court of Los Angeles, Case No. BC677388 (February 11, 2020) (Terry A. Green, J.). The jury awarded $200,000 in a case for noneconomic and economic damages, on her claims for *inter alia,* retaliation and wrongful termination for violations of *inter alia* Labor Code section 1102.5. *See* RJN ¶ 1, Exh. 1.
- *Baghumian v. Cty. of Los Angeles*, Superior Court of Los Angeles, Case No. BC645040 (May 11, 2018) (Maureen Duffy-Lewis, J.). The jury awarded $175,000 to plaintiff for noneconomic damages, among other damages, on his claims for *inter alia,* retaliation, and failure to prevent retaliation under FEHA. *See* RJN ¶ 2, Exh. 2.

- *Herzig v. Regina L. Edmond, M.D., Inc.*, Superior Court of Los Angeles, Case No. BC579970 (March 28, 2017) (Marc Marmaro, J.) The jury awarded in excess of $75,000 to plaintiff on her claims, including retaliation. *See* RJN ¶ 3, Exh. 3.

Although not identical in every respect, the foregoing cases contain enough similarities (*i.e.*, retaliation, violation of whistleblower protections, and wrongful termination) to establish that the jurisdictional minimum has been met. *See Simmons*, 209 F. Supp. 2d at 1035 (stating that the "fact that the cited cases involve distinguishable facts is not dispositive" and that the cited cases "amply demonstrate the potential for large punitive [and emotional distress] damage awards"). The foregoing verdicts are exclusive of attorneys' fees. Thus, including attorneys' fee awards which, in Labor Code Section 1102.5 claims, prevailing parties typically seek in amounts well into six digits, the amount in controversy far exceeds the $75,000 threshold.

Accordingly, and for the aforementioned reasons, the amount in controversy exceeds the $75,000 jurisdictional threshold.

## V. PROCESS, PLEADINGS AND ORDERS

- Attached hereto as Exhibit "A" is a true and correct file-stamped copy of the Complaint Plaintiff filed with the Superior Court on September 21, 2026.
- Attached hereto as Exhibit "B" is a true and correct copy of the Summons Plaintiff filed with the Superior Court on September 21, 2026.
- Attached hereto as Exhibit "C" is a true and correct copy of the Civil Case Cover Sheet Plaintiff filed with the Superior Court on September 21, 2026.
- Attached hereto as Exhibit "D" is a true and correct copy of the Court's Civil Lawsuit Notice filed with the Court on September 21, 2026.

- Attached hereto as Exhibit "E" is a true and correct copy of Plaintiff's Proof of Service filed on October 1, 2026.
- Attached hereto as Exhibit "F" is a true and correct copy of Olympus Corporation of the Americas' Answer to Plaintiff's Complaint filed on October 22, 2026.

Olympus is informed and believes that Exhibits "A" through "F" constitute all the process, pleadings, and/or orders served upon them and/or filed in the Superior Court action.

On this day, or no later than the next business day, notice of this removal will be given to both Plaintiff and to the Clerk of the Superior Court. True and correct copies of these notices are attached hereto as Exhibits "G" and "H," respectively. The proof of service of the Notice to Adverse Party of Removal will be filed with this Court immediately after the Notice is served on Plaintiff and the Superior Court filing is accomplished.

DATED: October 23, 2026

KADING BRIGGS LLP
KYMBERLEIGH DAMRON-HSIAO
SARAH R. MOHAMMADI

By:______________________________
SARAH R. MOHAMMADI

Attorneys for Defendant
OLYMPUS CORPORATION OF THE AMERICAS

EXHIBIT “A”

EXHIBIT “A”

26CV504061
Santa Clara – Civil

M. Bui

Adron G. Beene SB# 298088
Attorney at Law
122 Calistoga Rd., #307
Santa Rosa, CA 95409
Tel: (408) 392-9233
adronjr@adronlaw.com

*Attorney for Plaintiff*
*Mahmoud Elbalawy*

**Electronically Filed**
**by Superior Court of CA,**
**County of Santa Clara,**
**on 9/21/2026 1:44 PM**
**Reviewed By: M. Bui**
**Env. #25251588**
**-**
**Case #26CV504061**

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SANTA CLARA

| | |
|---|---|
| Mahmoud Elbalawy, an individual,<br><br>Plaintiff,<br>v.<br><br>Olympus Corporation of the Americas,<br><br>Defendant. | Case No.: 26CV504061<br><br>**COMPLAINT**<br><br>**1. Whistleblower Retaliation;**<br>**2. Wrongful Termination in Violation of Public Policy**<br><br>**DEMAND FOR JURY TRIAL** |

## I. INTRODUCTION

1. This action arises from Defendant Olympus Corporation of the Americas' termination of Mahmoud Elbalawy, a senior quality executive, after he repeatedly raised concerns to senior quality and regulatory leadership that a medical-device project involving Olympus's San Jose facility was being carried out in a manner he reasonably believed violated or failed to comply with federal law and Food and Drug Administration ("FDA") requirements.

2. In March 2026, Plaintiff again told senior leadership that he believed the project was unlawful and should be stopped, and he refused to participate

in moving the project forward under the proposed regulatory framework. Shortly thereafter, in a separate discussion, Plaintiff expressed political views concerning events in the Middle East that differed from those of Olympus's Chief Quality Officer, Boris Shklonik. About one week later, Shklonik warned Plaintiff that he should not express his opinion, that he was too transparent, and that one day his views could be used against him.

3. On May 5, 2026, Olympus informed Plaintiff that his employment would end effective May 6, 2026. Olympus referred to an investigation but would not disclose its subject, findings, or the reason for termination. Plaintiff had not been interviewed, informed of an accusation, or given an opportunity to respond. The termination followed a favorable performance history and a recent company commitment to further Plaintiff's executive development.

4. The timing, Olympus's knowledge of Plaintiff's disclosures and refusal, the absence of prior discipline, the undisclosed rationale for termination, and the lack of investigation materials produced in response to Plaintiff's later personnel-record request support a plausible inference that Plaintiff's protected activity contributed to the termination. Plaintiff also alleges alternative public-policy grounds for the termination as set forth below.

## II. PARTIES

5. Plaintiff Mahmoud Elbalawy is a natural person who resides in Contra Costa County, California. At all relevant times, he worked in California and had responsibilities connected to Olympus's San Jose, California operations.

6. Plaintiff is of Middle Eastern ancestry. Olympus's relevant decision makers knew or perceived Plaintiff's ancestry and national origin.

7. Defendant Olympus Corporation of the Americas ("Olympus") is a New York corporation authorized and registered to transact business in California. California Secretary of State records identify Olympus as entity number 3103931, formed in New York, with its principal office in Center Valley, Pennsylvania and a registered agent for service of process in California. Olympus conducts business throughout California, including in Santa Clara County.

8. Plaintiff was employed by Olympus from approximately August 2023 through May 6, 2026. The written Confidentiality, Non-Competition and Non-Solicitation Agreement executed in connection with Plaintiff's employment expressly identifies Olympus Corporation of the Americas as the "Employer." Olympus controlled Plaintiff's compensation, duties, supervision, performance reviews, benefits, and termination and was his employer under California law.

## III. JURISDICTION AND VENUE

9. This Court has original subject-matter jurisdiction under article VI, section 10 of the California Constitution. The amount in controversy exceeds $35,000, exclusive of interest and costs, and this is an unlimited civil action.

10. This Court has personal jurisdiction over Olympus under Code of Civil Procedure section 410.10 because Olympus conducts substantial business in California, employed Plaintiff to perform work in California, and the acts giving rise to this action occurred in or were directed toward California. Olympus is also registered to transact business in California and maintains a California registered agent for service of process. In addition, Plaintiff's written employment agreement requires any suit, action, or

proceeding based on, arising out of, or relating to the agreement to be brought in California.

11. Venue is proper in Santa Clara County under Code of Civil Procedure section 395.5 because Olympus conducts business in this County and a substantial portion of the events, obligations, and liabilities giving rise to this action occurred in this County. Plaintiff's employment agreement permits covered disputes to proceed in a California state court with appropriate jurisdiction.

12. Administrative exhaustion is not required for Plaintiff's Labor Code section 1102.5 claim or his common-law wrongful-termination claim. Independently, Plaintiff timely filed a verified complaint of employment discrimination with the California Civil Rights Department ("CRD") on July 29, 2026, naming Olympus Corporation of the Americas as respondent. The matter was assigned CRD No. 202607-36176514.

13. On July 29, 2026, CRD closed the matter upon Plaintiff's request for an immediate right-to-sue notice and issued its Notice of Case Closure and Right to Sue under Government Code section 12965. A true and correct copy of that Notice is attached as Exhibit A and incorporated by reference. The Notice authorizes Plaintiff to bring a civil action under FEHA against the respondent named in the CRD complaint.

## IV. AGENCY, MANAGEMENT, AND RATIFICATION

14. At all relevant times, Olympus acted through its officers, directors, executives, managers, supervisors, human-resources personnel, employees, and agents, each acting within the course and scope of employment or agency and for Olympus's benefit.

15. Relevant individuals involved in the events leading to Plaintiff's termination included Chief Quality Officer Boris Shklonik; Vice President of Quality Tanya Klasslo; Senior Vice President of Regulatory Affairs Todd Brill; Senior Vice President of Quality Tony Damas; Human Resources Business Partner Geysla Boueres; and senior staff members Rudy Sigala, Kulvir Bhella, Joel Munar, and Tarhan Kayihan. Shklonik, Klasslo, Brill, and Damas received or were involved in Plaintiff's regulatory concerns; Shklonik, Sigala, Bhella, Munar, and Kayihan were present for the political discussion alleged below; and Klasslo and Boueres participated in the termination meeting.

16. On information and belief, one or more Olympus officers or managing agents made, influenced, approved, or ratified the decision to terminate Plaintiff. Senior management and human resources implemented the termination notwithstanding Plaintiff's favorable performance history and without disclosing the factual basis for the decision.

17. Olympus is liable for the conduct of its officers, managing agents, employees, and agents under applicable principles of agency, authorization, and ratification. Plaintiff alleges that officers or managing agents participated in, authorized, or ratified the challenged conduct with conscious disregard of Plaintiff's rights.

//

//

//

//

//

## V. FACTUAL ALLEGATIONS

18. Olympus hired Plaintiff in approximately August 2023 as Senior Director of Quality Operations for the Americas region. His responsibilities included senior oversight of quality matters affecting California operations.

19. Plaintiff performed his duties successfully and received favorable performance assessments, including a favorable review in January 2026. Olympus continued to provide Plaintiff compensation increases, incentive compensation, and career-development opportunities.

20. Before the events alleged below, Olympus had not advised Plaintiff of any significant performance deficiency or misconduct that would have led him reasonably to anticipate termination.

21. In April 2026, only weeks before terminating him, Olympus approved company-funded executive education for Plaintiff at The Wharton School, further reflecting a favorable assessment of his continuing role.

22. Beginning no later than March 2025 and continuing through March 2026, Plaintiff raised good-faith concerns regarding regulatory compliance for a medical-device project involving Olympus's San Jose facility.

23. Based on his responsibilities and knowledge of the project, Plaintiff reasonably believed Olympus was directing regulated medical-device activities at the facility without the FDA registration or authorization and quality-management controls he believed federal law required, including but not limited to 21 CFR Part 820 et seq.

24. Plaintiff further reasonably believed that the proposed activities lacked required documentation and controls governing the performance, acceptance, and release of regulated medical-device work.

25. Plaintiff reasonably believed the conduct violated or failed to comply with the Federal Food, Drug, and Cosmetic Act and implementing FDA statutes, rules, and regulations concerning establishment registration, medical-device quality systems, documentation, and acceptance or release requirements.

26. Olympus nevertheless directed Plaintiff and his team to continue work on the project in the manner Plaintiff had identified as noncompliant.

27. Plaintiff repeatedly disclosed his concerns to senior personnel with authority over him and to senior quality and regulatory personnel with authority to investigate, discover, or correct the suspected violations or noncompliance.

28. Senior leadership was aware of Plaintiff's concerns but directed that the project proceed rather than adopting the corrective measures Plaintiff believed were required.

29. By early 2026, the regulatory concerns had been discussed with senior leadership, which was aware that the project presented potential FDA compliance consequences.

30. In Plaintiff's final substantive meeting concerning the project in or about March 2026, Plaintiff told senior Olympus leaders that he believed the project was unlawful and should be stopped.

31. Plaintiff further refused to participate in moving the project forward under the proposed regulatory framework because he reasonably believed doing so would result in a violation of, or noncompliance with, federal law or FDA requirements.

32. Later that day, during a dinner with senior Olympus personnel, a political discussion arose concerning events in the Middle East. During the discussion, Shklonik specifically asked Plaintiff about his descent and national origin, and Plaintiff told Shklonik that he was Jordanian. Plaintiff expressed views that differed from those expressed by Shklonik.

33. Approximately one week later, Shklonik called Plaintiff into a meeting and warned him that he should not express his opinion, that he was too transparent, and that one day his views could be used against him.

34. In context, the warning reasonably conveyed that Plaintiff's continued political expression could carry an adverse employment consequence.

35. The warning concerned Plaintiff's expression of views about the Middle East and was made by an executive who knew or perceived Plaintiff to be of Middle Eastern ancestry. Together with the later unexplained termination, the sequence supports a reasonable inference that Plaintiff's political expression and/or ethnic ancestry played a role in the termination.

36. On May 5, 2026, Olympus directed Plaintiff to join a meeting on short notice and informed him that, following an investigation, his employment would be terminated effective the following day.

37. Plaintiff asked why he was being terminated. Olympus would not disclose the reason, the subject of the purported investigation, the conduct at issue, or any findings.

38. Plaintiff had not been interviewed as part of any known investigation, had not been told he was under investigation, and had not been given notice of an accusation or an opportunity to respond before termination.

39. After termination, Plaintiff requested personnel records concerning his performance, discipline, termination, and any investigation or grievance concerning him. Olympus responded but produced no investigation report, witness statement, finding, disciplinary recommendation, or other record identifying the basis of the purported investigation.

40. Plaintiff alleges the absence of produced investigation materials as evidence of pretext and procedural irregularity.

41. The termination occurred shortly after Plaintiff's regulatory disclosures and refusal to participate, and shortly after Shklonik warned that Plaintiff's political views could be used against him.

42. The temporal proximity, Olympus's knowledge of Plaintiff's protected activity, Plaintiff's favorable performance history, the absence of prior significant discipline, the undisclosed rationale for termination, and the irregularities surrounding the purported investigation support a plausible inference of retaliatory causation and pretext.

43. Plaintiff's protected disclosures and refusal were contributing factors in Olympus's decision to terminate him.

44. Plaintiff's political expression, and Olympus's reaction to it, were also a substantial factor in the termination, pleaded as an alternative basis for the wrongful-termination claim.

45. Alternatively, Plaintiff's Middle Eastern ethnic ancestry may have been a substantial motivating reason for his termination. Plaintiff pleads this theory in the alternative based on Olympus's knowledge or perception of his protected identity, the identity-linked political exchange, the subsequent employment warning, and the unexplained termination.

46. Olympus's challenged conduct was undertaken through senior executives and managing agents who participated in, authorized, or ratified the termination.

47. As a direct and proximate result of the termination, Plaintiff has suffered and continues to suffer lost compensation and benefits, loss of professional opportunities, and other economic harm, all according to proof.

48. Plaintiff has also suffered emotional distress, anxiety, humiliation, and reputational injury and has incurred attorneys' fees and costs to enforce his rights.

49. The senior personnel to whom Plaintiff made his final disclosures included executives with authority over the subject matter of his reports, and at least one senior executive involved in the events immediately preceding his termination knew of Plaintiff's protected activity.

**FIRST CAUSE OF ACTION**

**WHISTLEBLOWER RETALIATION**

**California Labor Code §§ 1102.5(b), 1102.5(c), and 98.6**

**(Against Defendant Olympus Corporation of the Americas)**

50. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth here.

51. Plaintiff engaged in activity protected by Labor Code section 1102.5(b) by disclosing information to persons with authority over him and to persons with authority to investigate, discover, or correct the suspected violations or noncompliance. He separately engaged in activity protected by section 1102.5(c) by refusing to participate in moving the project forward in a

manner he reasonably believed would result in a violation of, or noncompliance with, federal law or FDA requirements.

52. Plaintiff had reasonable cause to believe that the information he disclosed concerned violations of, or noncompliance with, federal statutes, rules, and regulations governing regulated medical-device activities, including FDA registration, quality-system, documentation, and acceptance or release requirements.

53. Olympus, through senior quality and regulatory personnel, knew of Plaintiff's protected disclosures and refusal.

54. Olympus subjected Plaintiff to an adverse employment action by terminating his employment and the compensation and benefits associated with it.

55. Plaintiff's protected disclosures and refusal were contributing factors in the termination. The close temporal proximity to Plaintiff's final protected activity, the knowledge of senior leadership, Plaintiff's favorable performance history, the lack of prior significant discipline, and the circumstances of the undisclosed investigation support the causal connection.

56. Plaintiff's final protected disclosures and refusal occurred in or about March 2026, and Olympus terminated his employment effective May 6, 2026, less than 90 days later. Plaintiff's protected activity falls within Chapter 5 (commencing with Labor Code section 1101) of Part 3 of Division 2 of the Labor Code. Because Olympus terminated Plaintiff within 90 days of that protected activity, Labor Code section 98.6(b)(1) creates a rebuttable presumption in favor of Plaintiff's retaliation claim.

57. Under Labor Code section 1102.6, once Plaintiff demonstrates by a preponderance of the evidence that protected activity was a contributing factor in the termination, Olympus bears the burden of proving by clear and convincing evidence that it would have made the same decision for legitimate, independent reasons absent the protected activity.

58. As a direct and proximate result, Plaintiff suffered economic and noneconomic damages and is entitled to all relief authorized by law, including the remedies, civil penalty, attorneys' fees, costs, interest, and other relief available under Labor Code section 1102.5 and applicable law.

## SECOND CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### California Common Law

### (Against Defendant Olympus Corporation of the Americas)

59. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth here.

60. At all relevant times, Plaintiff and Olympus had an employer-employee relationship, and Olympus terminated Plaintiff's employment.

61. California has a fundamental, substantial, and well-established public policy protecting employees who disclose reasonably suspected violations of law or regulatory noncompliance and who refuse to participate in unlawful activity. That policy is embodied in Labor Code sections 1102.5 and 1102.6 and is further supported by federal statutes and regulations protecting the safety and regulatory integrity of medical devices, including the Federal Food, Drug, and Cosmetic Act.

62. California separately expresses a fundamental, substantial, and well-established public policy protecting employees from employer coercion, threats, or retaliation concerning political activity or expression. That policy is embodied in Labor Code sections 1101 and 1102.

63. California further expresses a fundamental, substantial, and well-established public policy prohibiting termination because of race, color, ancestry, or national or ethnic origin. That policy is embodied in article I, section 8 of the California Constitution and Government Code sections 12920 and 12940(a).

64. Olympus terminated Plaintiff in violation of one or more of these independent public policies: because he disclosed reasonably suspected violations of law and regulatory noncompliance and refused to participate in the challenged activity; because of his political expression and Olympus's reaction to it; and, alternatively, because of his Middle Eastern ethnic ancestry.

65. Plaintiff pleads these public-policy grounds in the alternative. The termination was substantially motivated by one or more of the foregoing violations of public policy, and the termination caused Plaintiff economic and noneconomic harm.

66. Olympus acted through officers, directors, or managing agents who participated in, authorized, or ratified the challenged conduct. Plaintiff therefore seeks compensatory damages and, to the extent supported by the evidence and Civil Code section 3294, punitive damages, together with interest, costs, and other relief.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mahmoud Elbalawy requests judgment against Defendant Olympus Corporation of the Americas as follows:

A. For back pay, lost compensation, lost benefits, and other economic damages according to proof, with prejudgment interest;

B. For reinstatement or, if reinstatement is not feasible, front pay and future lost compensation and benefits according to proof;

C. For compensatory damages, including emotional distress and other noneconomic damages, according to proof;

D. For punitive damages under California Civil Code section 3294, to the extent authorized by law;

E. For the civil penalty authorized by California Labor Code section 1102.5(f);

F. For appropriate equitable and injunctive relief as authorized by law;

G. For prejudgment and post judgment interest at the maximum lawful rates;

H. For reasonable attorneys' fees under California Labor Code section 1102.5(j) and any other applicable law;

I. For costs of suit; and

J. For such other and further relief as the Court deems just and proper.

Dated: September 21, 2026

Adron G. Beene SB# 298088
Attorney at Law
122 Calistoga Rd., #307
Santa Rosa, CA 95409
Tel: (408) 392-9233
adronjr@adronlaw.com

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all causes of action and issues so triable under article I, section 16 of the California Constitution and Code of Civil Procedure section 631.

Dated: September 21, 2026

Adron G. Beene SB# 298088
Attorney at Law
122 Calistoga Rd., #307
Santa Rosa, CA 95409
Tel: (408) 392-9233
adronjr@adronlaw.com

# EXHIBIT A

STATE OF CALIFORNIA | California Housing and Homelessness Agency

GAVIN NEWSOM, GOVERNOR

Civil Rights Department

KEVIN KISH, DIRECTOR

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

July 29, 2026

RE: **Notice of Filing of Discrimination Complaint**
CRD Matter Number: 202607-36176514
Right to Sue: Elbalawy / Olympus Corporation of the Americas

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil Rights Department (CRD) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for CRD's Small Employer Family Leave Mediation Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Reproductive Loss Leave, or Bereavement Leave (Government Code sections 12945.2, 12945.6, or 12945.7) has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. You may contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@calcivilrights.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to CRD is requested or required.

Sincerely,

Civil Rights Department

STATE OF CALIFORNIA | California Housing and Homelessness Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

Civil Rights Department

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

July 29, 2026

Mahmoud Elbalawy

,

RE: **Notice of Case Closure and Right to Sue**
CRD Matter Number: 202607-36176514
Right to Sue: Elbalawy / Olympus Corporation of the Americas

Dear Mahmoud Elbalawy:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective July 29, 2026 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for CRD's Small Employer Family Leave Mediation Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Reproductive Loss Leave, or Bereavement Leave (Government Code sections 12945.2, 12945.6, or 12945.7) has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@calcivilrights.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

STATE OF CALIFORNIA | California Housing and Homelessness Agency
GAVIN NEWSOM, GOVERNOR
Civil Rights Department
KEVIN KISH, DIRECTOR
651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

After receiving a Right-to-Sue notice from CRD, you may have the right to file your complaint with a local government agency that enforces employment anti-discrimination laws if one exists in your area that is authorized to accept your complaint. If you decide to file with a local agency, you must file before the deadline for filing a lawsuit that is on your Right-to-Sue notice. Filing your complaint with a local agency does not prevent you from also filing a lawsuit in court.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

EXHIBIT “B”

EXHIBIT “B”

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

Electronically filed
by Superior Court of CA,
County of Santa Clara,
on 9/21/2026 1:44 PM
Reviewed By:M. Bui
Case #26CV504061
Env #25251588

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
Olympus Corporation of the Americas

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
Mahmoud Elbalawy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California,
County of Santa Clara, 191 N First Street, San Jose, CA 95113

CASE NUMBER:
*(Número del Caso):* 26CV504061

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Adron G. Beene, 122 Calistoga Rd., #307, Santa Rosa, CA, 95409, (408) 392-9233

DATE: *(Fecha)* 9/21/2026 1:44 PM Clerk of Court Clerk, by *(Secretario)* M. Bui , Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [X] on behalf of *(specify)*: Olympus Corporation of the Americas

under:
- [ ] CCP 416.10 (corporation)
- [ ] CCP 416.20 (defunct corporation)
- [ ] CCP 416.40 (association or partnership)
- [ ] CCP 416.60 (minor)
- [ ] CCP 416.70 (conservatee)
- [ ] CCP 416.90 (authorized person)
- [X] other *(specify)*: Corp. Code 415.95 (Business Organization, Form Unknown)

4. [X] by personal delivery on *(date)*:

EXHIBIT “C”

EXHIBIT “C”

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY STATE BAR NUMBER: 298088
NAME: Adron G. Beene
FIRM NAME: Law Office of Adron Beene
STREET ADDRESS: 122 Calistoga Rd., #307
CITY: Santa Rosa STATE: CA ZIP CODE: 95409
TELEPHONE NO.: (408) 392-9233 FAX NO.:
EMAIL ADDRESS: adronjr@adronlaw.com
ATTORNEY FOR *(name)*: Mahmoud Elbalawy

*FOR COURT USE ONLY*

**Electronically Filed by Superior Court of CA, County of Santa Clara, on 9/21/2026 1:44 PM Reviewed By: M. Bui Env. #25251588**

**-**

**Case #26CV504061**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 N First Street
MAILING ADDRESS: same
CITY AND ZIP CODE: San Jose, 95113
BRANCH NAME: DTS

CASE NAME:
Mahmoud Elbalawy v. Olympus Corporation of the Americas

## CIVIL CASE COVER SHEET

[X] **Unlimited** (Amount demanded exceeds $35,000)
[ ] **Limited** (Amount demanded is $35,000 or less)

**Complex Case Designation**
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 26CV504061
JUDGE:
DEPT.:

*Items 1–6 below must be completed (see instructions on page 2 and examples on page 3).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Asbestos**
[ ] Asbestos (04)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/Unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Song-Beverly Act: Motor Vehicle Lemon Law (49)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Employment Development Department (EDD)**
[ ] EDD decision review (48)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.404)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Comprehensive groundwater adjudication (47)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. Is this case complex under rule 3.400 of the California Rules of Court? ☐ Yes ☒ No

If the case is complex, mark the factors requiring exceptional judicial management:

a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):*

a. ☒ monetary
b. ☒ nonmonetary; declaratory or injunctive relief
c. ☒ punitive

4. Number of causes of action *(specify):* Two, Whistleblower Retaliation; Wrongful Termination in Violation of Public Policy.

5. Is this case a class action suit? ☐ Yes ☒ No

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 9/21/2026

Adron G. Beene
Type or print name

▶ [signature]
Signature of party or attorney for party

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, or a collections case under rule 3.740, you must serve a copy of this cover sheet on all other parties to the action or proceeding. (Cal. Rules of Court, rule 3.220.)
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on pages 1 and 2. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided on page 3 of this form. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 of the California Rules of Court is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $35,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**SEE PAGE 3 FOR INFORMATION PURPOSES ONLY.**

CM-010

## CASE TYPES AND EXAMPLES

The list below provides explanations and examples for the case type checkboxes listed in item 1 on this form. The lists of examples below are not meant to be exhaustive, and some case types may have causes of action not listed here.

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/ Wrongful Death
- Uninsured Motorist *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)* (46)

**Asbestos**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/Wrongful Death

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Product Liability *(not asbestos or environmental/toxic tort)* (24)
- Medical Malpractice (45)
  - Medical Malpractice–Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud *(other than contract)* (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud)*
  - Negligent Breach of Contract/Warranty
  - Other Breach of Contract/Warranty
- Song-Beverly Act: Motor Vehicle Lemon Law *(check this item if the case involves a Song-Beverly Act claim regarding a motor vehicle)* (49)
- Rule 3.740 Collections *(as defined in Cal. Rules of Court, rule 3.740(a))* (09)
- Other Collections (e.g., money owed, open book accounts, promissory note) (09)
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not unlawful detainer)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs *(if the case involves illegal drugs, check this item; otherwise, choose Commercial or Residential)* (38)

**Judicial Review**
- Asset Forfeiture (05)
- Petition re Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Employment Development Department (EDD)**
- EDD Decision Review *(if the case involves an Employment Development Department decision, check this item instead of wrongful termination or other employment)* (48)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.404)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Comprehensive Groundwater Adjudication (47)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister-State Judgment
  - Administrative Agency Award
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanic's Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/ non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Government Claim Requirement
  - Other Civil Petition

EXHIBIT “D”

# EXHIBIT “D”

ATTACHMENT CV-5012

# CIVIL LAWSUIT NOTICE

***Superior Court of California, County of Santa Clara***
***191 North First St., San José, CA 95113***

CASE NUMBER: 26CV504061

## PLEASE READ THIS ENTIRE FORM

***PLAINTIFF*** (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons,* an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

***DEFENDANT*** (The person sued): **You must do each of the following to protect your rights:**

1. You must file a **written response** to the *Complaint, using the proper legal form or format,* in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint*;
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

**Warning: If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

***RULES AND FORMS:*** You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José or at https://www.scscourt.org/self_help/civil/civil_help.shtml.

- State Rules and Judicial Council Forms: https://www.courts.ca.gov/formsrules.htm
- Local Rules and Forms: https://www.scscourt.org/forms_filing.shtml and https://www.scscourt.org/court_divisions/civil/civil_rules/civil_rules.shtml

***CASE MANAGEMENT CONFERENCE (CMC):*** You must meet with the other parties and discuss the case, in person or by telephone at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

***You or your attorney must appear at the CMC.*** *You may have the option, or be required, to appear remotely – see Local Civil Rule 8.*

**Your Case Management Judge is:** Parrett, Vince **Department:** 16

**The 1st CMC is scheduled for:** (Completed by Clerk of Court)
**Date:** 03/18/27 **Time:** 2PM **in Department:** 16

**The next CMC is scheduled for:** (Completed by party if the 1st CMC was continued or has passed)
**Date:** ____________ **Time:** ____________ **in Department:** ____________

***ALTERNATIVE DISPUTE RESOLUTION (ADR):*** If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 30 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at https://www.scscourt.org/court_divisions/civil/adr/civil_adr.shtml or call the ADR Administrator (408-828-8547) for more information.

***WARNING:*** Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

EXHIBIT “E”

EXHIBIT “E”

26CV504061
Santa Clara – Civil

R. Fleming

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| **Law Office of Adron G. Beene**<br>**122 Calistoga Rd., #307**<br>**Santa Rosa, CA 95409**<br>TELEPHONE NO.: **(408) 392-9233** FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: **Plaintiff** | **Electronically Filed by Superior Court of CA, County of Santa Clara, on 10/1/2026 2:09 PM Reviewed By: R. Fleming Env. #25383679 - Case #26CV504061** |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA - CENTRAL**<br>STREET ADDRESS: 191 N First St.<br>MAILING ADDRESS: 191 N First St.<br>CITY AND ZIP CODE: San Jose, CA 95113<br>BRANCH NAME: SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA - CENTRAL | |
| PLAINTIFF/PETITIONER: Mahmoud Elbalawy<br>DEFENDANT/RESPONDENT: Olympus Corporation of the Americas | CASE NUMBER:<br>26CV504061 |
| **PROOF OF SERVICE SUMMONS** | Ref. No. or File No.: |

(Separate proof of service is required for each party served.)

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of: ***Summons; ADR Information Packet; Complaint; Civil Case Cover Sheet; Civil Lawsuit Notice***

3. a. Party served *(specify name of party as shown on documents served)*: ***Olympus Corporation of the Americas***

   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*: **CSC Lawyers Inc.-Agent, by serving Rebecca Vang, authorized to accept**

4. Address where the party was served: ***2710 Gateway Oaks Dr Sacramento, CA 95833***

5. I served the party *(check proper box)*

   a. [X] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: **9/23/2026** (2) at: **01:17 PM**

   b. [ ] **by substituted service.** On: at: I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

   (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

   (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dweling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) [ ] **(physical address unknown)** a person of at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents: *on:* from: **or** [ ] a declaration of mailing is attached.

| PLAINTIFF/PETITIONER: Mahmoud Elbalawy<br>DEFENDANT/RESPONDENT: Olympus Corporation of the Americas | CASE NUMBER:<br>26CV504061 |
|---|---|

(5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

6. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on: (2) from:

(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. (*Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

7. The "Notice to the Person Served" (on the summons) was completed as follows:
a. ☐ as an individual defendant.
b. ☐ as the person sued under the fictitious name of *(specify):*
c. ☐ as occupant.
d. ☒ On behalf of *(specify):* **Olympus Corporation of the Americas**
under the following Code of Civil Procedure section:

| | |
|---|---|
| ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

8. **Person who served papers**
a. Name: **Jashua "JJ" Singh**
b. Address: **500 Allerton Street Suite 105, Redwood City, CA 94063**
c. Telephone number: **650-364-9612**
d. **The fee** for service was: **$175.00**
e. I am:
(1) ☐ not a registered California process server.
(2) ☐ exempt from registration under Business and Professions Code section 22350(b).
(3) ☒ a registered California process server:
(i) ☐ owner ☐ employee ☒ independent contractor.
(ii) Registration No.: **2014-006**
(iii) County: **Sacramento**

| PLAINTIFF/PETITIONER: Mahmoud Elbalawy<br>DEFENDANT/RESPONDENT: Olympus Corporation of the Americas | CASE NUMBER:<br>26CV504061 |
|---|---|

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Jashua "JJ" Singh** Date: **09/28/2026**

EXHIBIT “F”

EXHIBIT “F”

KYMBERLEIGH DAMRON-HSIAO (SBN 240508)
Email: kdh@kadingbriggs.com
SARAH R. MOHAMMADI (SBN 295318)
Email: smohammadi@kadingbriggs.com
KADING BRIGGS LLP
100 Spectrum Center Drive, Suite 800
Irvine, California 92618
Telephone: (949) 450-8040
Facsimile: (949) 450-8033

Attorneys for Defendant
OLYMPUS CORPORATION OF THE AMERICAS

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| MAHMOUD ELBALAWY, an individual,<br>Plaintiff,<br>vs.<br>OLYMPUS CORPORATION OF THE AMERICAS,<br>Defendants. | CASE NO. 26CV504061<br>**DEFENDANT OLYMPUS CORPORATION OF THE AMERICAS' ANSWER TO PLAINTIFF MAHMOUD ELBALAWY'S COMPLAINT**<br>Complaint filed: September 21, 2026 |

Defendant Olympus Corporation of the Americas ("Defendant"), for itself and for no other Defendants, answers the unverified Complaint ("Complaint") of plaintiff Mahmoud Elbalawy ("Plaintiff") as follows:

**GENERAL DENIAL**

Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant denies generally and specifically each and every allegation in the Complaint. Defendant further denies, generally and specifically, that Plaintiff is entitled to the relief requested, or that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act or omission on the part of Defendant, or any of its past or present agents, representatives, or employees, acting in the course and scope of their employment.

**GENERAL DENIAL**

Pursuant to California Code of Civil Procedure section 431.30(d), Defendant denies, generally and specifically, each and every allegation in the Complaint. Defendant further denies, generally and specifically, that Plaintiff is entitled to the relief requested or that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act or omission on the part of Defendant or any of its past or present agents, representatives, or employees acting in the course and scope of their employment.

**FIRST AFFIRMATIVE DEFENSE**

1. The Complaint, and each and every purported cause of action contained therein, fails to state facts sufficient to constitute any claim upon which relief may be granted against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

2. The Complaint, and each and every purported cause of action contained

/ / /

therein, is barred, in whole or in part, by the applicable statute of limitations, including but not limited to California Code of Civil Procedure Sections 335.1, 337, 338, 339, 340, and 343, and California Business and Professions Code Section 17208.

**THIRD AFFIRMATIVE DEFENSE**

3. Plaintiff has failed to mitigate his damages, if any, and therefore any damages awarded to his must be reduced or eliminated to the extent to which such damages could have been avoided by a reasonable effort to mitigate the same.

**FOURTH AFFIRMATIVE DEFENSE**

4. The Complaint, and each and every purported cause of action contained therein, is barred, in whole or in part, by the doctrine of unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

5. Plaintiff is barred, in whole or in part, from recovery of any damages, based upon the doctrine of after-acquired evidence.

**SIXTH AFFIRMATIVE DEFENSE**

6. The Complaint, and each and every purported cause of action contained therein, is barred, in whole or in part, by the doctrine of waiver.

**SEVENTH AFFIRMATIVE DEFENSE**

7. By virtue of Plaintiff's action or inaction, he is estopped as to any and all rights he may have under the facts alleged in the Complaint and each and every purported cause of action contained therein.

/ / /

**EIGHTH AFFIRMATIVE DEFENSE**

8. The Complaint, and each and every purported cause of action contained therein, is barred, in whole or in part, by the doctrine of laches.

**NINTH AFFIRMATIVE DEFENSE**

9. Plaintiff's claims for equitable relief are barred because Plaintiff has an adequate and complete remedy at law.

**TENTH AFFIRMATIVE DEFENSE**

10. Defendant cannot be liable for any alleged injury, as any allegedly unlawful conduct was outside the course and scope of the employment of the employee(s) involved.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. Defendant denies that it retaliated against Plaintiff. However, if Plaintiff proves Defendant's acts were retaliatory, Plaintiff is not entitled to damages because Defendant would have made the same decision regardless of the alleged improper grounds.

**TWELFTH AFFIRMATIVE DEFENSE**

12. Plaintiff's Complaint, and purported causes of action contained therein, is barred, in whole or in part, because the exclusive remedy for the damages alleged by Plaintiff is provided by the California Workers' Compensation Act, California Labor Code section 3200 *et seq*. Defendant is also entitled to set off any recovery Plaintiff may receive from any Workers' Compensation action.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. Plaintiff is not entitled to recover punitive or exemplary damages against Defendant because: (a) Plaintiff has failed to plead facts sufficient to support allegations

of malice or reckless indifference for the rights of Plaintiff or that Defendant was motivated by evil motive or intent; (b) neither Defendant nor any managerial agent of Defendant committed any alleged malicious or reckless act, authorized or ratified such an act, or had advance knowledge of the unfitness, if any, of any employee or employees who allegedly committed such an act, or employed any such employee or employees with a reckless indifference towards the rights or safety of others, and (c) an award of punitive or exemplary damages under the circumstances alleged would violate the due process clauses of the United States and California Constitutions.

## FOURTEENTH AFFIRMATIVE DEFENSE

14. Plaintiff is barred from recovering punitive damages because Defendant had in place a policy to prevent retaliation and made good faith efforts to implement and enforce that policy.

## FIFTEENTH AFFIRMATIVE DEFENSE

15. Defendant did not authorize, direct, or participate in any alleged retaliatory conduct.

## SIXTEENTH AFFIRMATIVE DEFENSE

16. Plaintiff's claims, or some of them, are "frivolous" pursuant to California Code of Civil Procedure Section 128.5 and, accordingly, Defendant should recover all costs and attorneys' fees incurred herein.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17. Any and all conduct of which Plaintiff complains, or which is attributed to Defendant, was a just and proper exercise of management discretion, at all times privileged and justified, and undertaken for lawful, fair, and honest reasons, in good faith, and without malice.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18. The Complaint, and each and every purported cause of action contained therein, is barred, in whole or in part, because Defendant had an honest, good faith belief that all decisions with respect to Plaintiff's employment were made solely for legitimate, business-related reasons and were reasonably based upon the facts as Defendant understood them.

**NINETEENTH AFFIRMATIVE DEFENSE**

19. Defendant denies that any activity protected by Labor Code section 1102.5 occurred or was a factor and/or contributing factor in any alleged adverse employment action against Plaintiff. However, if Plaintiff proves that such activity occurred and that such activity was a contributing factor in any adverse employment action, Plaintiff's claim based on Labor Code section 1102.5 is barred because any alleged adverse employment action by Defendant would have occurred for legitimate, independent reasons, regardless of the alleged improper grounds. *See* Cal. Lab. Code § 1102.6.

**TWENTIETH AFFIRMATIVE DEFENSE**

20. Defendant denies that it wrongfully terminated Plaintiff. However, if Plaintiff proves Defendant's acts were wrongful, Plaintiff is not entitled to damages because Defendant would have made the same decision regardless of the alleged improper grounds.

**RESERVATION OF RIGHTS**

Defendant reserves the right to assert additional affirmative defenses as discovery proceeds and it becomes aware of additional facts and/or circumstances that provide the bases for additional affirmative defenses.

/ / /

**PRAYER FOR RELIEF**

Wherefore, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by reason of his Complaint and that judgment be entered in favor of Defendant;

2. That the Complaint herein be dismissed in its entirety with prejudice;

3. That Plaintiff's prayer for all compensatory damages, special damages, penalties, interest, attorneys' fees, and costs be denied;

4. That Defendant be awarded its costs of suit, including attorneys' fees, incurred herein; and

5. For such other and further relief as the Court deems just and proper.

DATED: October 22, 2026

KADING BRIGGS LLP
KYMBERLEIGH DAMRON-HSIAO
SARAH R. MOHAMMADI

By: Kymberleigh Damron-Hsiao
KYMBERLEIGH DAMRON-HSIAO

Attorneys for Defendant
OLYMPUS CORPORATION OF THE AMERICAS

# PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18, and not a party to the within action. My business address is Kading Briggs LLP, 100 Spectrum Center Drive, Suite 800, Irvine, CA 92618.

On **October 22, 2026**, I served the foregoing document(s) described as: **DEFENDANT OLYMPUS CORPORATION OF THE AMERICAS' ANSWER TO PLAINTIFF MAHMOUD ELBALAWY'S COMPLAINT** on the interested parties in this action by the method indicated below and to the following addresses:

| | |
|---|---|
| Adron G. Beene<br>Attorney at Law<br>122 Calistoga Rd., #307<br>Santa Rosa, CA 95409 | Attorneys for Plaintiff MAHMOUD ELBALAWY<br><br>Telephone: (408) 392-9233<br>Email: adronjr@adronlaw.com |

☐ **BY ELECTRONIC SERVICE THROUGH ONE LEGAL ONLINE COURT SERVICES:** by uploading document through One Legal Online Court Services for electronic service on the above-referenced individuals.

☐ **BY ELECTRONIC MAIL:** by sending the foregoing document via electronic mail to the email address(es) noted above.

☒ **BY MAIL:** by placing a true and correct copy of the foregoing document in a sealed envelope address as stated above. I caused such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Irvine, California. I am readily familiar with the practice of Kading Briggs LLP for collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on **October 22, 2026**, at Irvine, California.

**Valerie Beechler**

ONE LEGAL®

**Confirmation #:** 35843709
**Case Title:** Mahmoud Elbalawy vs Olympus Corporation of the Americas

Thank you for choosing One Legal. If you have any questions about this order, please email us at support@onelegal.com.

## CASE INFORMATION

| | |
|---|---|
| **Court Name:** | Santa Clara County, Superior Court of California |
| **Court Branch:** | Santa Clara - First Street |
| **Case Title:** | Mahmoud Elbalawy vs Olympus Corporation of the Americas |
| **Case Category:** | Civil - Unlimited |
| **Case Type:** | Wrongful Termination |
| **Case #:** | 26CV504061 |

## ORDER DETAILS

| | |
|---|---|
| **Order Type:** | eFiling |
| **Filing order #:** | 29605728 |
| **Date/Time Submitted:** | 10/22/2026 9:49 AM PT |
| **Matter / Billing Code:** | 26CV504061 |
| **Contact Name:** | Valerie Beechler |
| **Attorney Name:** | Kymberleigh Damron-Hsiao |

## DOCUMENTS

| Document Type | Document Title | Pages Uploaded |
|---|---|---|
| Answer/Response/Denial | Defendant Olympus Corporation of the Americas' Answer to Plaintiff's Complaint | 8 |

## EMAIL NOTIFICATIONS

| | |
|---|---|
| **Status Notifications:** | vbeechler@kadingbriggs.com |
| **Invoices:** | |

EXHIBIT “G”

EXHIBIT “G”

KYMBERLEIGH DAMRON-HSIAO (SBN 240508)
Email: kdh@kadingbriggs.com
SARAH R. MOHAMMADI (SBN 295318)
Email: smohammadi@kadingbriggs.com
KADING BRIGGS LLP
100 Spectrum Center Drive, Suite 800
Irvine, California 92618
Telephone: (949) 450-8040
Facsimile: (949) 450-8033

Attorneys for Defendant
OLYMPUS CORPORATION OF THE AMERICAS

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

MAHMOUD ELBALAWY, an individual,

Plaintiff,

vs.

OLYMPUS CORPORATION OF THE AMERICAS,

Defendants.

CASE NO. 26CV504061

**NOTICE TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. §§ 1332 AND 1441 (DIVERSITY)**

Complaint filed: September 21, 2026

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT a Notice of Removal of this action was filed in the United States District Court for the Northern District of California on October 23, 2026. A copy of said Notice of Removal and supporting exhibits are attached to this Notice, and are served and filed herewith.

DATED: October 23, 2026

KADING BRIGGS LLP
KYMBERLEIGH DAMRON-HSIAO
SARAH R. MOHAMMADI

By: ______________________
SARAH R. MOHAMMADI

Attorneys for Defendant
OLYMPUS CORPORATION OF THE AMERICAS

EXHIBIT “H”

# EXHIBIT “H”

KYMBERLEIGH DAMRON-HSIAO (SBN 240508)
Email: kdh@kadingbriggs.com
SARAH R. MOHAMMADI (SBN 295318)
Email: smohammadi@kadingbriggs.com
KADING BRIGGS LLP
100 Spectrum Center Drive, Suite 800
Irvine, California 92618
Telephone: (949) 450-8040
Facsimile: (949) 450-8033

Attorneys for Defendant
OLYMPUS CORPORATION OF THE AMERICAS

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| MAHMOUD ELBALAWY, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>OLYMPUS CORPORATION OF THE AMERICAS,<br><br>Defendants. | CASE NO. 26CV504061<br><br>**NOTICE TO STATE COURT OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT UNDER 28 U.S.C. §§ 1332 AND 1441 (DIVERSITY)**<br><br>Complaint filed: September 21, 2026 |

TO THE CLERK OF THE SUPERIOR COURT FOR THE COUNTY OF SANTA CLARA:

Attached hereto as Exhibit "1" is a true and correct copy of the Notice to Adverse Party of Removal of this action to the United States District Court for the Northern District of California. The original Notice of Removal of Civil Action to the United States District Court was filed with the United States District Court for the Northern District of California with the attached exhibits on October 23, 2026.

The filing of said Notice of Removal effects the removal of the above-entitled action from this Court.

DATED: October 23, 2026

KADING BRIGGS LLP
KYMBERLEIGH DAMRON-HSIAO
SARAH R. MOHAMMADI

By: ______________________
SARAH R. MOHAMMADI

Attorneys for Defendant
OLYMPUS CORPORATION OF THE AMERICAS